1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7    TRINIDAD REYES-DELEON,                )
                                          )      Case No. 2:13-cv-00026-JCM-PAL
8                          Plaintiff,     )
                                          )         **ORDER**
9    vs.                                  )
                                          )      (IFP App - Dkt. #1)
10   MICHAEL J. ASTRUE, COMMISSIONER OF   )
     SOCIAL SECURITY ADMINISTRATION,      )
11                                        )
                                          )
12                         Defendant.     )
13   _____ )

14          Plaintiff **Trinidad Reyes-Deleon** has requested authority pursuant to 28 U.S.C. § 1915 to

15   proceed in forma pauperis and submitted a Complaint.  This proceeding was referred to this court by

16   Local Rule IB 1-9.

17   **I.      In Forma Pauperis Application**

18          Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

19   and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be

20   granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's Complaint.

21   **II.     Screening the Complaint**

22          Upon granting a request to proceed in forma pauperis, a court must additionally screen a

23   complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is

24   legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a

26   court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

27   with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

28   / / /

1  deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

2  1995).

3       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

4  failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

5  ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.

6  1983).  In considering whether a plaintiff has stated a claim upon which relief can be granted, all

7  material allegations in the complaint are accepted as true and are to be construed in the light most

8  favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a

9  pro se complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Haines v.*

10  *Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

11       Plaintiff's Complaint challenges a decision by the Social Security Administration ("SSA")

12  denying Plaintiff Social Security disability insurance benefits.  Before Plaintiff can sue the SSA in

13  federal court, he must exhaust her administrative remedies.  42 U.S.C. § 405(g).  *See Bass v. Social Sec.*

14  *Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action

15  may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the

16  Secretary has made a final decision on the claim").  Generally, if the SSA denies a claimant's

17  application for SSI, she can request reconsideration of the decision.  If the claim is denied at the

18  reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ").

19  If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council.  If

20  the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the

21  United States District Court.  *See generally* 20 C.F.R. §§ 404, 416.  Plaintiff alleges that on December

22  18, 2012, the Appeals Council denied his request for review, and the ALJ's decision became the final

23  decision of the Commissioner.  Thus, it appears Plaintiff has exhausted his administrative remedies.

24       Once Plaintiff has exhausted her administrative remedies, he can obtain review of an SSA

25  decision denying benefits by commencing a civil action within sixty days after notice of a final

26  decision.  *Id.*  An action for judicial review of a determination by the SSA must be brought in a District

27  Court of the United States for the judicial district in which the Plaintiff resides.  *Id.*  The Complaint

28  should state the nature of Plaintiff's disability, when Plaintiff claims he became disabled, and when and

how he exhausted her administrative remedies.  It should also contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the Social Security Administration and show that Plaintiff is entitled to relief.  A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a civil action.  However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff's Complaint seeks judicial review of the Commissioner's decision denying Plaintiff Social Security disability insurance benefits and requests the court reverse that decision, or alternatively, remand this matter for a new hearing.  Plaintiff contends the ALJ's decision was erroneous, not supported by substantial evidence in the record, and/or contrary to law.  Accordingly, Plaintiff has stated a claim for initial screening purposes under 28 U.S.C. § 1915.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint.

4. The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, CA,94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

3

5.   The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

6.   From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

Dated this 4th day of March, 2013.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4